Per Curiam.

This court allowed motions to certify the records in these causes (January 30, 1963) for the purpose of re-examining its previous decisions holding that a plaintiff cannot join a master and his servant as defendants in an action to recover for damages caused by the negligence of the servant. See French, Admr., v. Central Construction Co., 76 Ohio St., *251 509. Thereafter, the General Assembly enacted Section 2307.191, Revised Code (see Senate Bill No. 39, effective August 26, 1963). This statute permits such joinder. Hence, the question which we considered as being of public and great general interest no longer is such in this state.
If we should dismiss these appeals on the ground that a question of public or great general interest is no longer involved (cf. Williamson v. Rubich, 171 Ohio St., 253), plaintiffs’ causes would have failed “otherwise than upon the merits” within the meaning of Section 2305.19, Revised Code, and new actions could be commenced in accordance with the provisions of that statute. In such new actions, Section 2307.191, Revised Code, would be applicable. Hence, there would be no substantial prejudice to the parties in these causes by our dismissal of the appeals on the ground that questions of public or great general interest are no longer involved. The appeals are, therefore, dismissed on that ground.

Appeals dismissed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.